UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRENDA GAFFIELD, Individually and
as Mother and Natural Guardian of
KAYLYN L. GAFFIELD, an infant over
the age of 14 years,

                    **Plaintiff,**

        **v.**                                                     5:05-CV-936
                                                                      (FJS/GHL)

**WAL-MART STORES EAST, LP,**

                    **Defendant.**
_____
_____

**WAL-MART STORES EAST, LP,**

                    **Third-Party Plaintiff,**

        **v.**

**SHEN ZHEN BO AN BIKE CO., LTD,**

                    **Third-Party Defendant.**
_____

**APPEARANCES**                                               **OF COUNSEL**

**LYNN LAW FIRM, LLP**                         **THOMAS F. SHANNON, ESQ.**
M&T Bank Building
101 South Salina Street
Suite 802
Syracuse, New York 13202
Attorneys for Plaintiff

**O'CONNOR, O'CONNOR,**                    **MICHAEL P. CAVANAGH, ESQ.**
**BRESEE & FIRST, P.C.**
20 Corporate Woods Boulevard
Albany, New York 12211
Attorneys for Defendant/Third Party Plaintiff

**SMITH, SOVIK, KENDRICK**     **JAMES W. CUNNINGHAM, ESQ.**
**& SUGNET, P.C.**             **GABRIELLE M. HOPE, ESQ.**
250 South Clinton Street
Suite 600
Syracuse, New York 13202-1252
Attorneys for Third-Party Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

On August 22, 2003, Plaintiff purchased a Huffy bicycle for her child, who was injured riding the bicycle that day. On August 23, 2003, Plaintiff's family returned the bicycle to Defendant/Third-Party Plaintiff Wal-Mart Stores East, LP, ("Wal-Mart") and reported the accident, which caused Wal-Mart to open a claim, put an evidence tag on the bicycle, and retain custody of the bicycle. Some time in May, June or July of 2005, a Wal-Mart bicycle assembler discarded the bicycle.

On June 28, 2005, Plaintiff filed this action against Wal-Mart asserting claims of negligence, strict products liability and breach of warranty based on the alleged careless assembly of the bicycle, failure to sufficiently test and inspect the bicycle, and selling the bicycle with the pedal loose or constructed with unsuitable material. On March 21, 2006, Wal-Mart filed its third-party action against Third-Party Defendant Shen Zhen Bo An Bike Co., Ltd.'s ("Boan"), the designer and manufacturer of the bicycle's crank and pedal, demanding judgment for contribution and/or indemnification and specific performance of a contract between Huffy and Boan to which Wal-Mart alleges it is a third-party beneficiary. On June 25, 2007, both Plaintiff and Boan filed motions for spoliation sanctions because Wal-Mart discarded the bicycle

before experts for Plaintiff or Boan could inspect it.

## II.  DISCUSSION

In a Report and Recommendation dated October 18, 2007, Magistrate Judge Lowe found that, at the time Wal-Mart discarded the bicycle, Wal-Mart did not owe a duty to preserve the bicycle to Plaintiff, but did owe such a duty to Boan and recommended that this Court deny Plaintiff's motion for spoliation sanctions but grant Boan's motion for spoliation sanctions.  *See* Dkt. No. 42.  Magistrate Judge Lowe recommended that Wal-Mart pay all expert fees that Boan had incurred to date for Karl E. J. Barton.  *See id*. at 14-15.  Wal-Mart objected to the recommendation of sanctions, *see* Dkt. No. 43; and Boan objected to the nature of the recommended sanction, *see* Dkt. No. 44.

Where the parties do not object to a report and recommendation, the court reviews the report and recommendation for clear error.  *See Farid v. Bouey*, 554 F. Supp. 2d 301, 306 (N.D.N.Y. 2008) (citation omitted).  Where a party makes specific objections addressed to portions of the report and recommendation, the court conducts a *de novo* review of the issues raised by the objections.  *See id*. at 307 (citation omitted).[1]

With regard to Magistrate Judge Lowe's recommendation to grant Boan's motion for spoliation sanctions against Wal-Mart, Wal-Mart objected to the following findings: (1) that Wal-Mart had a duty to Boan to preserve the bicycle even after its duty to Plaintiff had expired; (2) that Wal-Mart was negligent in failing to place the bicycle in the claims cage; and (3) that the

---

[1] Since there was no objection to Magistrate Judge's Lowe's recommendation of dismissal of Plaintiff's motion for spoliation sanctions against Wal-Mart and there being no clear error, the Court adopts this recommendation.

-3-

destruction of the bicycle did not cause prejudice to Boan. With respect to all of Wal-Mart's objections, the Court concludes that Magistrate Judge Lowe correctly applied the appropriate law and that Plaintiff's objections on these issues are without merit for the reasons stated in the Report and Recommendation.[2]

With regard to Magistrate Judge Lowe's recommendation on the nature of the sanction, Boan argues that the sanction should be dismissal of Wal-Mart's third-party action because, in the absence of the bicycle, no party can prove a defect or the absence of a defect with any scientific certainty. The Court concludes that Magistrate Judge Lowe correctly applied the appropriate law and determined an appropriate sanction. Therefore, the Court finds that Plaintiff's objection on this issue is without merit.

Accordingly, after carefully considering Magistrate Judge Lowe's Report and Recommendation, the parties' objections thereto, as well as the applicable law, and for the reasons stated herein and in Magistrate Judge Lowe's Report and Recommendation, the Court hereby

**ORDERS** that Magistrate Judge Lowe's October 18, 2007 Report and Recommendation

---

[2] With respect to Wal-Mart's objection regarding its duty to Boan, the Court notes that Magistrate Judge Lowe's finding that Wal-Mart's duty to preserve the evidence hinged on Plaintiff having a meaningful opportunity to inspect the evidence. *See Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 458 (2d Cir. 2007) (citations omitted). Wal-Mart did not provide such an opportunity to Boan before it destroyed the bicycle. *See Thiele v. Oddy's Auto & Marine, Inc.*, 906 F. Supp. 158, 162 (W.D.N.Y. 1995) (finding spoliation defense protected third-party defendant, who was not notified of the accident until after the evidence had been destroyed and did not have an opportunity to inspect the evidence, but not defendant who had the same opportunity as plaintiff to inspect the evidence). Accordingly, the Court adopts Magistrate Judge Lowe's findings on this issue.

is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion for spoliation sanctions is **DENIED**; and the Court further;

**ORDERS** that Third-Party Defendant Shen Zhen Bo An Bike Co., Ltd.'s motion for spoliation sanctions is **GRANTED** and Defendant/Third-Party Plaintiff Wal-Mart Stores East, LP, shall pay all expert fees incurred by Third-Party Defendant Shen Zhen Bo An Bike Co., Ltd. for the services to date of Karl E. J. Barton; and the Court further

**ORDERS** this matter is remanded to Magistrate Judge Lowe for all further pretrial proceedings, including the determination of the amount of expert fees that Third-Party Defendant Shen Zhen Bo An Bike Co., Ltd. has incurred for the services of Karl E. J. Barton and for which Defendant/Third-Party Plaintiff Wal-Mart Stores East, LP is responsible pursuant to this Order.

**IT IS SO ORDERED.**

Dated: March 31, 2009
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge